## In re E. B. HAVENS & CO.

(District Court, E. D. New York. April 19, 1911.)

1. BANKRUPTCY (§§ 363, 336\*)—CLAIMS OF CREDITORS—RIGHT TO DIVIDENDS COLLECTED BY ASSIGNEE FOR BENEFIT OF CREDITORS—CLAIMS—AMEND-MENT.

D., a customer of the bankrupts at the time of their assignment, was a debtor to them for a loan with which the bankrupts had purchased certain stocks for him. After their assignment for the benefit of creditors, D. notified the assignee that he was ready to pay the amount due, and take up his stock, and was informed that the assignee had no such stock in his possession. D. then notified the assignee that dividends would be paid thereon, and that such dividends belonged to him. Dividends were paid to the assignee, and D., without making a complete tender, allowed the assignee to enter up the dividends as a credit to his account, and, after notice that he would demand the dividends as his property, filed a verified general claim in bankruptcy including such dividends. *Held*, that D. waived any preference he might have had with respect to such dividends, and was not therafter entitled to leave to amend his claim after the time for filing claims had expired, so as to except dividends, and ask for an order that they be paid in full.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554, 523; Dec. Dig. §§ 363, 336.\*]

2. BANKRUPTCY (§§ 363, 336\*)—CLAIMS OF CREDITORS—RIGHT TO DIVIDENDS COLLECTED BY ASSIGNEE FOR BENEFIT OF CREDITORS—CLAIMS—AMEND-MENT.

W. purchased certain shares through the bankrupts as brokers on margin. Before the bankrupts made an assignment for the benefit of creditors, the stock was sold ex dividend. The account was balanced and he had no claim against the bankrupts and owed no money to them when bankruptcy intervened. The dividend was payable to the bankrupts in whose name the stock was registered while it was held on margin, and was later paid to the assignee. *Held* that, though W. could have treated the assignee as his agent and demanded payment of such dividends, he, having filed a claim as a general creditor, waived such right, and was not entitled after the time for filing claims had expired to leave to amend so as to enforce the same.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554, 523; Dec. Dig. §§ 363, 336.\*]

3. BANKRUPTCY (§§ 363, 336\*)—CLAIMS OF CREDITORS—RIGHT TO DIVIDENDS COLLECTED BY ASSIGNEE FOR BENEFIT OF CREDITORS—CLAIMS—AMEND-MENT.

M. purchased certain shares on margin through the bankrupts, of which 200 shares were sold ex dividend before bankruptcy intervened, on which $400 dividends were subsequently received by the assignee after the filing of the bankruptcy petition. M., at the time of bankruptcy, owed the bankrupts a considerable sum as a loan for carrying 500 other shares and made no demand for the dividends on the stock, the assignee crediting him for the market value of his stock and dividends received, and charging him with the total amount of his loan. *Held* that M., having filed a verified claim against the bankrupts' estate for the net balance due, was not entitled to amend the same after the time for filing claims had expired, so as to assert a right to the payment of such dividend.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 550–554, 523; Dec. Dig. §§ 363, 336.\*]

In Bankruptcy. In the matter of bankruptcy proceedings of E. B. Havens & Co. On petition of certain creditors for the payment of

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

dividends declared on stocks alleged to have been in the hands of the bankrupts belonging to the claimants at the time of their assignment for the benefit of creditors, and received by the assignee subsequent to the filing of petition in bankruptcy and before election of the trustee. Master's report recommending that the claims be disallowed sustained.

R. M. Cahoone and C. S. Cooke, for trustee.
Frederick C. Kronmeyer, for claimants.

CHATFIELD, District Judge. Three creditors have applied for the payment of dividends received by the assignee for the benefit of creditors subsequent to the filing of the petition in bankruptcy, and before the election of a trustee. The facts generally are sufficiently set forth in the special master's report, in which he has recommended that the claims of these creditors be disallowed.

The report was made upon what is known as the De Long claim, and the three creditors are in the same position and have agreed to allow the matters to be disposed of together, for the reason that each of these creditors within the year in which claims could be presented filed a verified claim for the total amount due to him, without claiming any preference or title to the dividends received by the assignee and now made the subject-matter of these motions. The year within which to file claims has expired, and each creditor now asks leave to amend his claim by excepting the amount of these dividends, and then asks for a direction that they be paid in full.

[1] The De Long claim arose under circumstances shown at length in the report of the special master. At the time of the assignment, he was the debtor of the brokerage firm to a considerable amount, in the form of a loan, with which his stock had been purchased. The dividend upon his stock, which had already been declared, was not paid until some days later, and in the meantime Mr. De Long notified the assignee that he was ready to pay up the amount due from him, in order to take up his stock, and was informed by the assignee that no such stock was in the assignee's possession. He then notified the assignee that the dividends would be paid, and that they were his. He now insists that no actual tender was necessary, and, if Mr. De Long had paid up the amount carried as a loan for him, and could have received his stock, then his position would have been like that of Mr. Wurster, whose claim we will next consider.

[2] Wurster had previously purchased some 200 shares upon margin, but before the assignment this stock was sold ex dividend, and the account balanced, so that Wurster had no claim against the Havens firm, and owed no money to the firm when bankruptcy intervened. The dividend upon the stock which he had sold belonged to him, but was payable to the brokerage firm in whose name the stock had been registered, while they held it upon margin, and whose apparent title, therefore, determined the person who would receive the dividend when it was actually paid. This dividend, amounting to $350, was received by the assignee, and is the basis of Wurster's present claim.

In the Mollenhauer matter a still different situation is presented,

for Mollenhauer had purchased upon margin some 700 shares of stock, of which 200 had been sold ex dividend, under exactly similar circumstances to the Wurster transaction, and on which shares a dividend of $400 would belong to Mollenhauer, but was to be paid to the brokerage firm, and actually was received by the assignee subsequent to the petition in bankruptcy. But Mollenhauer had also an account with the brokerage firm for 500 other shares of the same stock, as to which his petition was exactly like that of De Long, and at the time of the bankruptcy he owed the brokerage firm a considerable amount as a loan for carrying these 500 shares of stock. If the brokerage firm had had the stock in their possession at that time, or if Mollenhauer had paid up the loan and received his stock, he would have had a credit balance for a considerable amount, and also been entitled to receive $400 dividend upon the stock previously sold, and $1,000 in dividends upon the stock which was still being carried for his account. But Mollenhauer did not take the precautions De Long did and made no demand of any sort, with the result that the assignee credited Mollenhauer for the market value of his stock, charged him with the total amount of his loan, and also credited him with $1,400 for the dividends received. And, again, Mollenhauer allowed the year for the filing of claims to go by, and contented himself with presenting a verified claim for the net balance. He now asks to be allowed to amend this by claiming the $1,400 in full, and to reduce his general claim against the estate by that amount.

[3] The position of Mollenhauer seems to be the weakest of the three. His claim arises from the striking of a balance, upon which he was given credit for $1,400, as a matter of bookkeeping, and as if the brokerage firm were still doing business. He never objected to this, although he and many of the other creditors, including De Long and Wurster, agreed to let the Havens firm resume business, providing all the creditors signed the consent, and hence may be excused for the neglect to make demand for his dividends in proper form. Nevertheless he accepted the balance as struck and reported to him, filed his verified claim for that balance, and has slept upon his rights until it would seem that he cannot ask now to have his position bettered at the expense of the other creditors.

As to the Wurster claim, the dividend was easily traced. No balance was necessary, and Wurster was not a general creditor of the bankrupt firm. He should have treated the assignee as an agent, and demanded his property, not the payment of a debt. He also slept upon his rights, made a claim as a general creditor under oath, and, whether this was done out of generosity and to help the bankrupts or from carelessness, it does not seem that he is entitled to be preferred, because he has found out his mistake, after the year in which creditors' rights can be established has elapsed.

As to the De Long claim, the demand made by De Long, and his incomplete and insufficient tender of the amount which he owed, with the notice that he demanded the dividends, puts him in a position where he certainly could have treated the assignee as his agent, and could have insisted upon his right to trace his dividends, to the ex-

tent of demanding that the balance of his account be struck, and that the dividends be kept separate therefrom, and be paid to him in full. But he did not so do. He again allowed the assignee to enter up the dividends as a mere credit item in his account. He then, after having notified them that he would demand these dividends as his property, filed a verified claim, plainly contradictory to that demand, and equivalent to a waiver of his rights, which he might have obtained. The special master has reported that Mr. De Long waived any preference which he might have had, and it would seem that his report is correct in that respect, and should be confirmed.

It is not necessary to take up the general question as to the right of a brokerage firm to sell or pledge stock carried for customers upon margin, nor to discuss the rights of customers to dividends which may be received by an assignee or by an estate in bankruptcy subsequent to the time when the customer's rights are fixed as to his general claim as creditor against the estate. It is assumed in this decision that Wurster, De Long, and Mollenhauer could have taken a position immediately upon learning of the insolvency, in which they could have fixed the balance upon their transactions as of the date when the assignee or officer of the bankruptcy court became a trustee for them. It is also assumed that a dividend or other property coming into the hands of an officer of the court, and traced through his hands as the property of another person, cannot be merged or lost in the corpus of the insolvent estate by the will of the assignee or trustee alone.

The custom of business among brokers or the intent of the customers and the brokers to have such dividends credited to their accounts, and included in the striking of any balance while business is being conducted, would not cover the receipt of such dividends after business had terminated, and the parties' rights had been fixed.

The present motions must be decided entirely upon the rights of the creditors generally to insist that other creditors guilty of laches and estopped by their own actions shall not be allowed to change their position at a time subsequent to the period within which the statute provides that the status of a bankrupt estate shall be determined.

The motions to confirm the report and to deny the claims of the creditors De Long, Wurster, and Mollenhauer will be granted.